|   |   |
|---|---|
| 1 | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRAD WALTERS, | CASE NO. C10-5394RBL |
| Plaintiff, | ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

THIS MATTER comes on before the above-entitled court upon Plaintiff's Motion for Attorney's Fees, Costs, and Expenses pursuant to 28 U.S.C. § 2412 [Dkt. #21]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

The underlying case involves plaintiff's request for judicial review of the Commissioner's final decision finding him not disabled under the Social Security Act. On March 17, 2011, the Magistrate Judge filed a Report and Recommendation. In the Report, the Magistrate Judge recommended that the matter be remanded to the Commissioner because the Administrative Law Judge had erred in failing to properly consider the medical opinions of three of plaintiff's examining physicians and in failing to properly consider all the medical evidence relating to plaintiff's peripheral neuropathy in his hands. Because the ALJ erred in determining

that these impairments were non-severe at step two of the sequential evaluation process, the ALJ improperly concluded that the plaintiff was not disabled. The Commissioner did not object to the Report and Recommendation. On April 12, 2011, this Court entered an Order adopting the Magistrate Judge's Report and Recommendation and remanded this matter to the Commissioner for further administrative proceedings.

Plaintiff thereafter filed the instant motion seeking fees, costs and, expenses pursuant to The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The defendant has objected to the request arguing that their position was substantially justified.

Plaintiff is the prevailing party in this action and is entitled to an award of attorney's fees and expenses unless the position of the United States is "substantially justified." 28 U.S.C. § 2412(d)(1). For defendant's position to be found to be "substantially justified" requires an inquiry into whether defendant's conduct was "'justified in substance or in the main' – that is justified to a degree that could satisfy a reasonable person" – and "had a 'reasonable basis both in law and fact.'" *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2011) (quoting *Pierce v. Underwood*, 487 U.S. at 565 (1988)); *Penrod v. Apfel,* 54 F.Supp.2d 961, 964 (D. Ariz. 1999) (citing Pierce, 487 U.S. at 565); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 n.6 (1990); *Flores v,. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995). Defendant has the burden of showing his position was substantially justified. *Gutierrez*, 274 F.3d at 1258.

Defendant's position must be "*as a whole*, substantially justified." *Gutierrez,* 274 F.3d at 1258-59. As the Ninth Circuit has explained:

> The plain language of the EAJA states that the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *Jean*, 496 U.S. at 159, 110 S.Ct. 2316 (explaining that the "position" relevant to the inquiry "may encompass both the

agency's prelitigation conduct and the [agency's] subsequent litigation positions"). Thus we "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

*Id.*, at 1259 (defendant must establish it was substantially justified in terms of ALJ's underlying conduct and in terms of its litigation position defending ALJ's error).

Here, the ALJ's underlying error was failing to give "clear and convincing" reasons for discounting the medical opinions of three of plaintiff's examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). This error led the ALJ to determine that plaintiff's mental impairments were not severe at step two. Step two, however, is a *de minumus* screening device used to dispose of groundless claims. *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996). The plaintiff's burden at step two is merely to prove that his "impairments on their symptoms affect [his] ability to perform basic work activities." *Edlund v. Massanari,* 253 F.3d 1152, 1159-60 (9th Cir. 2001). This in turn resulted in the ALJ's error in determining that plaintiff was not disabled.

As to plaintiff's peripheral neuropathy in his hands, the ALJ did not consider the affect this impairment had on his ability to work, and did not explain why he rejected the opinion of plaintiff's treating physician, Dr. Posada.

The decision of the ALJ, riddled with errors, did not have a reasonable basis in law and in fact. The defendant's decision to defend the ALJ's decision was not substantially justified.

Plaintiff's Motion for Attorney's Fees, Costs, and Expenses [Dkt. #21] is **GRANTED**. Plaintiff is awarded attorney's fees in the amount of $4,709.11, no costs, and expenses of $22.14 pursuant to the EAJA, 28 U.S.C. § 2412. Subject to any offset allowed under Treasury Offset Program, as discussed in *Astrue v. Ratliff*, ___ U.S. ___, 130 S.Ct. 2521 (2010), payment of this

award shall be made via check made payable to plaintiff's counsel, Jon Erik Mueller, at 810 3rd Avenue, Suite 307, Seattle, WA 98104

**IT IS SO ORDERED.**

Dated this 15th day of June, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE